## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PAUL C. WILLIAMS,** | **Civil Action No. 18-13092 (BRM)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION** |
| **RICHARD BOSLEY,** *et al.*, | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Paul C. Williams's ("Plaintiff") motion to amend his Complaint to add claims against the Township of Jackson ("Township") and Chief of Police Matthew D. Kunz ("Chief Kunz") as new parties.  (Docket Entry No. 26).  Defendants oppose Plaintiff's motion on futility grounds. (Docket Entry No. 27).  The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b).  For the reasons set forth below, Plaintiff's motion is DENIED.

### I.      Background and Procedural History

The parties and the Court are familiar with this case.  As a result, the Court does not restate all the facts herein, but focuses on those relevant to the instant motion to amend.  On June 27, 2018, Plaintiff was arrested by members of the Jackson Township Police Department (the "Department"). (*See, generally*, Pl. Compl..; Docket Entry No. 1).  Plaintiff subsequently filed a Complaint against Defendants under 42 U.S.C. § 1983 for constitutional violations during his arrest, including the violations of his First Amendment rights, unreasonable search and seizure, excessive force, malicious prosecution, and false arrest. (*Id.*).  Defendants filed an answer to Plaintiff's Complaint on October 10, 2018, denying all allegations and moved to dismiss the

Complaint with prejudice. (Docket Entry No. 8). Defendants also counterclaimed for attorney's fees, stating the allegations contained in Plaintiff's Complaint were frivolous, groundless, and without merit. (*Id.*). On May 24, 2020, Plaintiff filed the instant motion to amend the Complaint to add two new Defendants to the matter, the Township and Chief Kunz. Plaintiff seeks to bring claims against both parties for failure to train the Department's officers and failure to investigate complaints, alleging this led to his harm. (Docket Entry No. 26 ¶ 99-128, 277-287). Defendants filed an Opposition Brief to Plaintiff's motion to amend the Complaint, asserting the amendment would be futile and would not survive a motion to dismiss. (Docket Entry No. 27).

## II.    Analysis

Pursuant to Fed.R.Civ.P. ("Rule") 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). However, the Court may deny a motion to amend when there is undue delay, bad faith, dilatory motive, prejudice, or futility of the amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2002). Where there is an absence of the above factors, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Here, the Court assesses futility as it is the only basis raised by Defendants in opposition to Plaintiff's motion.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). In assessing whether the proposed amendment is "insufficient on its face" the Court utilizes a motion to dismiss standard under Rule 12(b)(6) to analyze and determine whether the amendment states a claim upon which relief could be granted. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Alvin*, 227 F.3d

at 121.  Under Rule 12(b)(6), the Court considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all of the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]"  *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'"  *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Plaintiff's proposed Amended Complaint bases liability on the Township and Chief Kunz's failure to train the Department's officers and investigate complaints.  (Proposed Am. Compl. ¶¶ 99-128, 277-287).  However, "[a] municipality may only be held liable under § 1983 if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury."  *Jewell v. Ridley Twp.*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell v. Dep't of Soc. Servs.*, 436

U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).  Such a policy or custom cannot be inferred from a single, isolated municipal act.  *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989).  A local government may not be sued for an injury inflicted solely by its employees or agents.  *Monell*, 436 U.S. at 694.  For a municipality to be held liable for their employees or agents' actions under § 1983, the constitutional violation perpetrated by an agent must have occurred pursuant to an official governmental policy or custom.  *Id.* at 701.  To state a *Monell* claim, Plaintiff must show that an official, with the necessary authority, is responsible for either the "affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).

In this case, Plaintiff has failed to identify or produce a specific policy or custom created by the entity or its officials, to state why such a policy is inadequate, or to propose an alternative policy that would have prevented the harm for which Plaintiff sues.  Plaintiff's proposed Amended Complaint states in conclusory terms, "Defendants Jackson Township… and Kunz's actions and inactions created…a danger to all persons, including Plaintiff, whom they knew or should of known would encounter members of their police department and potentially be subjected to illegal and unconstitutional actions by such members" and such inactions "resulted in the violation of Plaintiff's federal substantive due process right… to be protected from state created danger." (Proposed Am. Compl. ¶¶ 278-279).  Plaintiff states the Township is liable for failure to establish any written policy or procedure to guide law enforcement officer's interaction with civilians and members of the press during the performance of their duties, specifically during motor vehicle crash scenes where members of the press, like Plaintiff, may take photographs and video-record. (*See Id.* ¶¶ 108-113).

Such conclusory allegations are insufficient to survive a motion to dismiss.  Plaintiff has not identified a specific policy or custom in his Complaint, which is essential to hold a municipality liable under § 1983.  Plaintiff is instead arguing the lack of such policy implicates the Township and Chief Kunz.  In *Rios v. City of Bayonne*, No. 2:12-4716 (KM)(MAH), 2015 WL 2400756, at *1 (D.N.J. May 19, 2015), the court affirmed the magistrate judge's denial of plaintiff's motion to amend his complaint to assert *Monell* claims against the Bayonne Police Department and Chief of Police.  Rios alleged he was physically assaulted and arrested without cause because the City of Bayonne failed to train their officers and had a policy and practice of not disciplining officers that violate citizen's rights. *Id*. at *2.  The district court dismissed plaintiff's *Monell* claim, because it consisted of "only legal boilerplate and failed to make any factual allegation of an express policy or a custom authorizing the officers' alleged improper conduct." *Id*.  The court reasoned that plaintiff's amended pleading was futile because of its conclusory nature since plaintiff did not explain how the incident related to deficient training or suggest an alternative training that would have prevented the incident. *Id*. at *4, 6.  Similar to *Rios*, Plaintiff, here, is asserting a failure to train claim as well as failure of the Township and Chief to investigate complaints.  But, as in *Rios*, Plaintiff fails to state any policy or custom relating to the officer's improper conduct, which is insufficient to assert a *Monell* claim.

Although Plaintiff certified he has "discovered adequate information, to support a legitimate and factual basis to actually include claims against additional defendants" in his proposed Amended Complaint (Pl. Decl. ¶6; Docket Entry No. 26-1), Plaintiff puts forth only conclusory allegations, which, at best, outline a lack of an established policy.  These proposed new allegations are insufficient to hold a municipality liable under § 1983.  As a result, the Court finds that Plaintiff's motion to amend is futile.

**III.      Conclusion**

For the reasons stated above, Plaintiff's motion seeking leave to file an Amended Complaint is DENIED. An appropriate Order follows.

Dated:  July 30, 2020

<div style="margin-left: 40%;">

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE**

</div>