**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PAUL C. WILLIAMS**, <br><br> Plaintiff, <br><br> v. <br><br> **RICHARD BOSLEY,** *et al.*, <br><br> Defendants. | Civil Action No. 18-13092 (ZNQ) (TJB) <br><br> **OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion for Recusal (the "Motion," ECF No. 116) filed by *pro se* Plaintiff Paul C. Williams ("Plaintiff"). Defendants Richard Bosley, Theodore Kucowski, Trevor Crowley, Kevin Chesney, and Edward Travisano (collectively, "Defendants") did not respond to the Motion and the Court did not order them to do so.

    The Court has carefully considered Plaintiff's submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **DENY** the Motion.

**I.    BACKGROUND**

    The above-captioned matter was tried before the undersigned from January 12 through the 14, 2026. Plaintiff appeared *pro se* throughout the duration of the trial. Pursuant to a Court Order entered by the Honorable Tonianne J. Bongiovanni, U.S.M.J., Mr. Craig Hilliard was assigned to Plaintiff as standby counsel. Specifically, Mr. Hilliard was to conduct the direct examination of

Plaintiff, given that the undersigned denied Plaintiff's request to present his testimony in a narrative format.

On January 14, 2026, the jury returned a unanimous verdict of no cause, finding that Plaintiff had not proven: (1) that the force used by the Defendants was objectively unreasonable under the totality of the circumstances; and (2) that Defendant Bosley had searched Plaintiff's cell phone without a warrant. (*See* ECF No. 109.)

## II.  SUBJECT MATTER JURISDICTION

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

## III.  LEGAL STANDARD

Plaintiff moves to disqualify the undersigned as the district court judge overseeing his case under 28 U.S.C. § 455(a). Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See also United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008). "Because [Section] 455(a) is intended to promote not only fairness to the litigants but also public confidence in the judiciary, a party seeking recusal need not demonstrate that the judge is actually biased, but rather that he would appear to be biased to a reasonable person, with knowledge of all of the facts." *Id.* (internal quotations and citation omitted).

To succeed on a recusal motion, a movant must make a three-part showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true they would convince a reasonable person that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973); *see also Jacobs*, 311 F. App'x at 537 ("A recusal motion must be based on 'objective facts,' not mere 'possibilities' and 'unsubstantiated allegations.'").

"[A] party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). To the contrary, "the source of bias [must] be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible." *Jacobsen v. Citi Mortg. Inc.*, Civ. No. 17-1555, 2017 WL 3877850, at *1 (D.N.J. Sept. 5, 2017). Extrajudicial bias is "not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings." *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980). Without extrajudicial bias, "a party seeking recusal must show that a judge has a 'deep-seated and unequivocal antagonism that would render fair judgment impossible . . . .'" *Thompson v. Eva's Vill. & Sheltering Program*, Civ. No. 04-2548, 2005 WL 2474930, at *2 (D.N.J. Oct. 5, 2005) (quoting *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source." *Liteky*, 510 U.S. at 555.

"[I]ncorrect rulings do not prove that a judge is biased or prejudiced." *United States v. Gallagher*, 576 F.2d 1028, 1039 (3d Cir. 1978); *see also Jacobsen v. Citi Mortg. Inc.*, 715 F. App'x 222, 223 (3d Cir. 2018) ("Adverse legal rulings are not proof of prejudice or bias, and are almost never a basis for recusal."); *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 330 (3d Cir. 2015) ("[A]dverse rulings—even if they are erroneous—are not in themselves proof of prejudice or bias."); *Smith v. Danyo*, 585 F.2d 83, 87 (3d Cir. 1978) ("The Smiths also object that some rulings were wrong. Such errors, even compounded, do not satisfy the requirements of [§] 144."). The Supreme Court has opined that while "judicial rulings alone

3

almost never constitute a valid basis for a bias or partiality motion," they are "[a]lmost invariably [ ] . . . proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555.

## IV. DISCUSSION

After careful review of Plaintiff's Motion, the Court finds that Plaintiff fails to meet the standard established by 28 U.S.C. § 455. Specifically, Plaintiff fails to demonstrate that the undersigned lacks impartiality, has a personal bias or prejudice against him derived from extrajudicial sources, or harbors a deep-seated antagonism that renders fair judgment impossible.

### A. TRIAL FRAMEWORK

First, Plaintiff asserts that the Court's procedural framework was tailored to disadvantage him as a *pro se* litigant. (*See* Letter Br. at 13–14.)

Plaintiff takes issue with the undersigned's conduct of a pretrial conference that occurred on January 8, 2026. (ECF No. 103.) Plaintiff argues that the undersigned gave him an ultimatum of sorts: either Plaintiff would represent himself with Mr. Hilliard as stand-by counsel, or Mr. Hilliard would be required to take over as lead counsel for the duration of the trial. (*See* Williams Decl. ¶ 12.) Williams argues that the undersigned "silenced" him and "r[a]n roughshod over [him]," essentially forcing him to concede to proceed *pro se* with Mr. Hilliard as stand-by counsel for purposes of his direct. (*Id.*)

Additionally and relatedly, Plaintiff critiques the structure of his direct examination permitted during trial. (Letter Br. at 13–14; *see also* Williams Decl. ¶ 13.) Plaintiff preferred to present his testimony in narrative form, which he argues is "a fundamental accommodation for a *pro se* litigant." (Williams Decl. ¶ 13.) Notably, Plaintiff does not cite to any caselaw in which such an accommodation was provided, much less deemed "fundamental." Plaintiff reiterates his belief that Mr. Hilliard was "complete[ly] unprepared[]" to conduct his direct examination. (*Id.*)

4

In response to Plaintiff's concerns about Mr. Hilliard's unpreparedness, the undersigned reminded Plaintiff that he had "four days" to gameplan his direct examination with Mr. Hilliard—and that he probably should have been preparing his direct examination with Mr. Hilliard all along. (*Id.*) Plaintiff again took issue with the fact that Mr. Hilliard was allegedly unprepared for trial, highlighting Plaintiff's urgent letters filed with the court. (Letter Br. at 13; ECF No. 102.)

Plaintiff is correct that the Third Circuit has "consistently" disproved of situations where trial courts "have erected procedural barriers that 'effectively deny[] access to the courts." (*See id.* at 14 (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).) However, Plaintiff ignores the Court's broad discretion applicable here.

Courts have "broad discretion over the mode and order of examining witnesses and presenting evidence and may allow testimony in narrative form at trial if the Court finds that it would be helpful to the jury." *Chichakli v. Gerlach*, Civ. No. 15-687, 2018 WL 3625840, at *3 (W.D. Okla. July 30, 2018); Fed. R. Evid. 611. "This includes the discretion to permit pro se litigants to testify in narrative form, but none of these decisions establish that a court is required to permit narrative testimony or vice versa." *United States v. Williams*, Crim. No. 23-690, 2024 WL 3540519, at *8 (D.N.J. July 23, 2024) (citing *Kaufman LLC v. Est. of Feinberg*, Civ. No. 13-1259, 2022 WL 13845083, at *8 (D. Conn. Oct. 24, 2022) (collecting cases); *United States v. Boukamp*, 105 F.4th 717, 749 (5th Cir. 2024) (holding that trial courts have the "discretion to require [a *pro se* party's] testimony to be in question-and-answer, rather than narrative, form")).

Here, the Court was well within its discretion to direct the format of Plaintiff's direct testimony as it did. Furthermore, Plaintiff had ample time to prepare his direct testimony in collaboration with his standby counsel. In sum, the undersigned's refusal to permit Plaintiff to

5

present his testimony in a narrative format was entirely within his purview and does not warrant recusal.

### B. WHETHER THE COURT ACTED AS AN ADVERSARIAL FACT-WITNESS

Next, Plaintiff asserts that the undersigned demonstrated a "disqualifying alignment with the defense," by: (1) acting as an adversarial fact-witness against Plaintiff; and (2) "actively coach[ing] the defense." (*See* Letter Br. at 15–16.)

As to the first allegation, Plaintiff recounts a moment during his cross-examination during which counsel for Defendants asked Plaintiff to explain the "basis" for Plaintiff's unreasonable search claim. (*Id.* at 15.) Plaintiff claims such questioning "reopened the subject and waived any prior objection." (*Id.*) Plaintiff takes issue with the fact that the undersigned intervened and prohibited this line of questioning. (*Id.*)

At bottom, Plaintiff takes issue with the undersigned's evidentiary ruling at trial. Such disagreements do not rise to the standard for recusal. Judicial rulings alone "almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal." *United States v. Wecht*, 484 F.3d 194, 218 (3d Cir. 2007) (citing *Liteky*, 510 U.S. at 555); *Securacomm Consulting, Inc.*, 224 F.3d at 278 ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). Plaintiff's disagreements with the Court's evidentiary rulings are more appropriate on appeal, rather than on a motion for recusal.

As to Plaintiff's second allegation, Plaintiff claims that the undersigned "actively coached the defense" by making "extremely obvious and overt gestures to defense counsel," including "glaring with wide eyes[ and] raising both hands overhead." (Letter Br. at 16; Williams Decl. ¶ 33.) Plaintiff asserts that after these movements, Defense counsel objected. (*Id.*)

6

Plaintiff cites to *United States v. Wecht*, 484 F.3d 194 (3d Cir. 2007), in support of his argument that "a judge's numerous interruptions and admonishments that convey impatience, disdain, and hostility can create an appearance of bias requiring a new trial." (*See* Letter Br. at 16 (internal quotations omitted).) However, as the Third Circuit explains in *Wecht*:

> [R]emarks that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that *derives from an extrajudicial source*; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible . . . . *Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.

*Wecht*, 484 F.3d at 194 (quoting *Liteky*, 510 U.S. at 555–56) (emphases added). In *Wecht*, the court determined that Wecht "failed to demonstrate the 'high degree of favoritism or antagonism' required under *Liteky*." *Id.* Specifically, the Third Circuit noted that "[t]he District Court Judge was frustrated with defense counsel for not objecting to . . . exhibits in accordance with the . . . Pretrial Order." *Id.*

Similarly, here, the undersigned expressed frustration with Defense Counsel for failing to object when the undersigned thought he should have. This does not establish bias or partiality. *See Liteky*, 510 U.S. at 555–56.

### C. CLOSING ARGUMENTS

Next, Plaintiff argues that the Court engaged in "explicit factual deception" during his closing argument. (*See* Letter Br. at 17.) During his closing statements, Plaintiff asked the jury about missing video evidence, asking "What happened to that video? Where is it?" (*Id.*) At that time, the Court sustained Defense Counsel's objection. (*Id.*)

7

Again, Plaintiff takes issue with the undersigned's evidentiary ruling at trial. Such disagreements do not rise to the standard for recusal. Judicial rulings alone "almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Wecht*, 484 F.3d at 218 (citing *Liteky*, 510 U.S. at 555); *Securacomm Consulting, Inc.*, 224 F.3d at 278 ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). Plaintiff has not presented the Court with anything more than a disagreement with its evidentiary ruling at trial.

### D. POST-TRIAL DEVELOPMENTS

Finally, Plaintiff takes issue with several post-trial events. (*See* Letter Br. at 19–21.) On January 20, 2026, Plaintiff requested transcripts of two specific portions of the trial proceedings. The nature of Plaintiff's request gave the Court cause to believe that Plaintiff may have recorded audio of the trial without authorization from the Court in violation of Local Civil Rule 401.1.[1] Thereafter, the undersigned scheduled a telephone conference with Plaintiff and Defense Counsel for January 22, 2026. (*See* ECF No. 114). The purpose of the conference was to inquire whether Plaintiff had recorded the trial and, if he had, to instruct him to refrain from distributing those recordings and immediately destroy them.

The conference did not go as planned. At the outset, the undersigned asked whether Plaintiff had recorded any of the trial proceedings. Plaintiff refused to answer, asserted a Fifth Amendment right, and instead demanded that trial transcripts be provided to him. Plaintiff repeatedly spoke over and interrupted the undersigned throughout the call. Eventually, the

---

[1] Local Civil Rule 401.1 prohibits the "recording, both video and voice, by way of camera, cell phone or other device . . . throughout the interior of the United States Courthouse[] in . . . Trenton." L. Civ. R. 401.1(a). Various signs are posted throughout the courthouse advising that any recording of any proceeding is expressly prohibited without permission from the judge overseeing the proceeding in accordance with Local Civil Rule 401.1.

undersigned determined that the call was no longer productive and terminated the call after informing the parties that the Court would be scheduling a hearing in the near future.

The same day, the Court entered the following Text Order:

> TEXT ORDER that in light of the telephonic conference conducted earlier today during which the Court advised Plaintiff that it had cause to believe that he had recorded one or more Court proceedings and Plaintiff was advised that unauthorized audio or video recording of proceedings in the Trenton U.S. Courthouse is a violation of Local Civil Rule 401.1, the Court hereby ORDERS as follows: 1) by no later than January 29, 2026, Plaintiff shall certify in writing under penalty of perjury whether he has recorded any district court proceeding pertaining to this matter (either in-person or remote); 2) if Plaintiff has recorded any district court proceeding pertaining to this matter, he is hereby Ordered to refrain from distributing or disseminating (including posting on the internet) those recordings and immediately retrieve or remove them if distributed or disseminated; 3) if Plaintiff has recorded any district court proceeding pertaining to this matter, he is further Ordered to destroy, by January 29, 2026, those recordings (and any copies thereof in his possession, custody or control) and certify to their destruction in writing under penalty of perjury; 4) if Plaintiff refuses to timely comply with Orders 1 - 3, Plaintiff shall appear in person before the undersigned in Courtroom 4W on February 5, 2026 at 2:30 p.m. and shall Show Cause why he should not be held in civil contempt for violation of Orders 1 - 3 and subject to appropriate sanctions. Given Plaintiff's indigent status, he should be prepared to present any evidence during his appearance that he wishes the Court to consider regarding his ability to pay any monetary sanctions the Court might impose. Chambers of the undersigned is sending a copy of this Order via email to the parties today. The Clerk's Office is also instructed to send a copy of this Order to Plaintiff via regular mail. So Ordered by Judge Zahid N. Quraishi on 01/22/2026.

(ECF No. 111.)

Since entry of the Text Order, Plaintiff has filed several letters and motions: correspondence to the Clerk (ECF No. 112); correspondence to Chief Judge Bumb regarding emergency notification and request for supervisory intervention (ECF No. 115); this Motion for Recusal (ECF No. 116); an emergent motion for a stay and reconsideration (ECF No. 117); various

9

exhibits in connection with the Motion for Recusal (ECF No. 118); and an exhibit in connection with the emergent motion for a stay and reconsideration (ECF No. 119).

Because it appeared Plaintiff had misinterpreted the purpose of the Court's first Text Order, the Court entered a second Text Order on January 28, 2026 to clarify:

> TEXT ORDER that before the Court are Plaintiffs' various letters and motions 115 - 120 that, among other things, seek recusal of the undersigned and emergent relief from the Court's Order 111 regarding Plaintiff's suspected unauthorized recordings in violation of Local Civil Rule 401.1. Those motions will be addressed expeditiously. In the meantime, because Plaintiff appears to be confused by the Order 111, the Court takes this opportunity to clarify that its Order 111 contemplates civil contempt rather than criminal contempt, and only if Plaintiff refuses to comply with the first three elements of that Order: certifying whether he recorded Court proceedings, ceasing from any distribution of any recordings, and certifying to the destruction of any recordings. For the avoidance of doubt, if Plaintiff timely complies with those requirements, the Court will not hold Plaintiff in contempt. So Ordered by Judge Zahid N. Quraishi on 1/28/2026. (kas) (Entered: 01/28/2026)

(ECF No. 121.) Thereafter, Plaintiff submitted correspondence to the undersigned in response to that Text Order. (ECF No. 122.) In that letter, Plaintiff again raises the same concerns about admitting whether he recorded the trial and proposes an alternative: that the Court instead issue an Order directing any person who may have recorded proceedings to destroy such recordings and seek their removal from third parties, without compelling self-incrimination.

To alleviate Plaintiff's self-incrimination concerns and achieve the Court's ultimate goal of enforcing Local Civil Rule 401.1, the Court will vacate its first Text Order and will issue a new one requiring that, by no later than February 3, 2026, any recordings of the Court proceedings in this matter must be destroyed and their retrieval must be sought from any third parties. To be clear, this accommodation is without prejudice to the Court's authority to proceed against any

other violations of Local Civil Rule 401.1 (or any other Court orders), including the Court's exercise of its inherent authority to find individuals in civil contempt.

In sum, the Court finds that none of its post-trial acts, taken singly or in combination, form a valid basis for the undersigned's recusal.[2]

## V.  CONCLUSION

For the foregoing reasons, this Court finds that Plaintiff's bias claims do not warrant recusal of the undersigned.[3]  The Court will therefore **DENY** Plaintiff's Motion for Recusal (ECF No. 116).  This Court will also **VACATE** its January 22, 2026 Text Order.  (ECF No. 111.)  It will also issue a new Order requiring destruction and/or retrieval of any recording of the trial proceedings.  Accordingly, the Court will **DENY AS MOOT** Plaintiff's Emergent Motion for Stay and Reconsideration (ECF No. 117).

Further, the Court will instruct the parties to re-request any transcripts they seek.  The Court will also **ENTER JUDGMENT** in light of the jury verdict and order that Mr. Hilliard's representation of Plaintiff is **TERMINATED** insofar as the term of his representation "for trial" has concluded.  An appropriate Order will follow.

Date: January 28, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff separately asserts that the undersigned's Courtroom Deputy "surveill[ed] Plaintiff's social media posts detailing his planned legal challenges to the Court's conduct." (*See* Letter Br. at 19–20; Williams Decl. ¶¶ 56–60.) To clarify the record, I instructed my Deputy to review any public social media posts to see whether recordings of the trial proceedings had been posted in violation of Local Civil Rule 401.1.

[3] It is worth noting that the undersigned took several actions in an attempt to ensure that Plaintiff was *not* prejudiced by his *pro se* status—including providing Plaintiff with one of the undersigned's own neckties when he appeared for day three of his trial without one.