**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**PAUL C. WILLIAMS,**

Plaintiff,

v.

**RICHARD BOSLEY, *et al.*,**

Defendants.

Civil Action No. 18-13092 (ZNQ) (TJB)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Vacate the Judgment and for a New Trial ("Motion," ECF No. 134) filed by *pro se* Plaintiff Paul C. Williams ("Williams" or "Plaintiff"). Defendants Richard Bosley, Theodore Kucuowski, Trevor Crowley, Kevin Chesney, and Edward Travisano (collectively, "Defendants") opposed the Motion ("Opp'n Br.," ECF No. 135), to which Plaintiff replied ("Reply Br.," ECF No. 136).

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **DENY** Plaintiff's Motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

The above-captioned matter was tried before the undersigned January 12–14, 2026. Plaintiff appeared *pro se* throughout the trial. Pursuant to a Court Order entered by the Honorable Tonianne J. Bongiovanni, U.S.M.J., Mr. Craig Hilliard was assigned to Plaintiff as standby

counsel. Specifically, Mr. Hilliard was to conduct the direct examination of Plaintiff, given that the undersigned denied Plaintiff's request to present his testimony in a narrative format.

On January 14, 2026, the jury returned a unanimous verdict of no cause, finding that Plaintiff had not proven: (1) that the force used by Defendants was objectively unreasonable under the totality of the circumstances; and (2) that Defendant Bosley had searched Plaintiff's cell phone without a warrant. (See ECF No. 109.) Following the jury's verdict in favor of Defendants, Plaintiff filed the instant Motion.

## II. <u>LEGAL STANDARD</u>

Rule 59(a) provides that a court may award a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a). The purpose of a motion under Rule 59 is "to correct manifest errors of law or fact or to present newly discovered evidence." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Courts have the discretion to grant a new trial on several grounds, including: "(1) that the verdict is against the weight of the evidence; (2) that the damages are excessive; or (3) that the district court made substantial errors in the admission or rejection of evidence or in its instructions to the jury." *Winnicki v. Bennigan's*, Civ. No. 01-3357, 2006 WL 2506738, at *1 (D.N.J. Aug. 28, 2006) (citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, (1940)). Thus, "the decision whether or not to grant a new trial is committed to the sound discretion of the district court." *Id.* (citing *Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1017 (3d Cir. 1995)).

"[A] new trial should be granted only when the verdict is contrary to the weight of the evidence or when a miscarriage of justice would result if the verdict were to stand." *Brennan v. Norton*, 350 F.3d 399, 430 (3d Cir. 2003). A district court may not "grant a new trial because it

would have come to a different conclusion than that reached by the jury." *Lyles v. Flagship Resort Dev. Corp.*, 371 F. Supp. 2d 597, 602 (D.N.J. 2005). Therefore, "[i]n determining whether the evidence is sufficient to sustain liability, the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993). "The motion may be granted if 'the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief.'" *Lyles*, 371 F. Supp. 2d at 600 (quoting *Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 166 F. Supp. 2d 19, 28 (D.N.J. 2001)).

## III. DISCUSSION

Plaintiff moves for a new trial pursuant to Rule 59. (*See generally* Moving Br., ECF No. 134.) First, Plaintiff argues that the Court abused its discretion at the pretrial conference by imposing "a procedurally unworkable and inherently unfair trial framework on a pro se litigant, thereby depriving him of his right to present a complete and coherent case." (*Id.* at 20.) Additionally, Plaintiff argues that the jury verdict is the "result of errors that fatally infected the fairness of the trial[,]" including "the exclusion of foundational testimony regarding [a] missing video, the Court's adversarial intervention during cross-examination that prevented Plaintiff from explaining the basis of his claim, and a prejudicial curative instruction that was factually incorrect[,]" all of which justifies a new trial. (*See id.* at 19.)

### A. ALLEGATIONS RELATED TO THE PRETRIAL CONFERENCE

Plaintiff first takes issue with the Court's conduct at the pretrial conference that occurred on January 8, 2026. These allegations are similar to those Plaintiff raised prior in his Motion for Recusal. (*See* ECF No. 116.) In the Motion for Recusal, Plaintiff argued that the undersigned gave him an ultimatum of sorts: either Plaintiff would represent himself with Mr. Hilliard as stand-

by counsel, or Mr. Hilliard would be required to take over as lead counsel for the duration of the trial. (*See* Opinion, ECF No. 124 at 4.) Plaintiff argued that the undersigned "silenced" him and "r[a]n roughshod over [him]," essentially forcing him to concede to proceed pro se with Mr. Hilliard as stand-by counsel for purposes of his direct. (*Id.*) Additionally, Plaintiff critiqued the structure of his direct examination the Court permitted during trial. (*Id.*) Plaintiff wished to present his testimony in narrative form, but the Court denied that request. (*Id.*) Plaintiff reiterated that Mr. Hilliard was unprepared to conduct his direct examination. (*Id.*)

Again, here, Plaintiff relitigates his arguments related to the Court's conduct at the pretrial conference. Plaintiff alleges that the Court "immediately cut Plaintiff off" and "interject[ed] with its own characterization" of Plaintiff's concerns about relying on Mr. Hilliard. (Moving Br. at 21.) The Court provided Plaintiff with two options: either represent himself, or Mr. Hilliard would be compelled to assume the role of lead counsel for the entire trial. (*See id.*) Plaintiff claims he was "compelled" to reaffirm his pro se status. (*Id.*)

As explained in this Court's prior opinion denying Plaintiff's Motion for Recusal and as reiterated here, this Court did not abuse its discretion in the manner by which it managed the trial. First, while it is certain that federal courts are required to provide latitude to pro se litigants, this latitude is directed at the pleading stage, not the trial. *See generally Haines v. Kerner*, 404 U.S. 519, 521 (1972). *Hines* – relied upon by Plaintiff – involved the dismissal of a pro se's complaint; it did not involve a trial. (*See generally id.*) Although courts liberally construe pro se pleadings, unrepresented litigants are not relieved from the rules of procedure and the requirements of substantive law. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). "[P]ro se litigants do not have a right — constitutional, statutory, or otherwise — to receive how-to legal manuals from judges." *Mala v. Crown Bay Marina, Inc.*, 704

F.3d 239, 246 (3d Cir. 2013) (citing *McKaskle v. Wiggins,* 465 U.S. 168, 183–184 (1984) ("[T]he Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course.").).

Further, while a civil litigant does not have a constitutional or statutory right to appointed counsel, *see Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court. *Id.*

While Plaintiff claims that the Court was dismissive of his concerns as to whether Mr. Hilliard was prepared for trial, the Court gave Plaintiff five separate opportunities to confirm whether he wanted to represent himself at trial. (Tr. 12:14-20; 13:25–14:1; 14:13–14; 14:16–19; 15:9–14.) Plaintiff responded that he would represent himself. (*Id.* at 15:15–16.) As a result of Plaintiff's response, the Court made a finding that Plaintiff knowingly and voluntarily waived his right to counsel and would represent himself. (Tr. 15:17–16:9.)

Additionally, Plaintiff argues that the Court's denial of his request to testify in a narrative format prevented him from being heard. (Moving Br. at 24–26.) To streamline the trial and to prevent any confusion on the jury's behalf, the Court required Plaintiff to prepare questions for Mr. Hilliard to ask during his direct examination and barred Plaintiff from participating in sidebar discussions during his testimony. (*Id.*) To balance the equities, the Court advised Plaintiff it would hold a post-testimony sidebar, when Plaintiff would be permitted to raise any objections to the direct testimony from Plaintiff that Mr. Hilliard elicited. (*See* 338:6-339:25.) At the conclusion of Plaintiff's testimony, the Court also provided Plaintiff with a ten-minute recess to consult with

Mr. Hilliard prior to the post-testimony sidebar. (*See id.* 429:22–431:14.) Plaintiff voiced no objections at that sidebar. (*Id.*)

Courts have "broad discretion over the mode and order of examining witnesses and presenting evidence and may allow testimony in narrative form at trial if the Court finds that it would be helpful to the jury." *Chichakli v. Gerlach*, Civ. No. 15-687, 2018 WL 3625840, at *3 (W.D. Okla. July 30, 2018); Fed. R. Evid. 611. "This includes the discretion to permit pro se litigants to testify in narrative form, but none of these decisions establish that a court is required to permit narrative testimony or vice versa." *United States v. Williams*, Crim. No. 23-690, 2024 WL 3540519, at *8 (D.N.J. July 23, 2024) (citing *Kaufman LLC v. Est. of Feinberg*, Civ. No. 13-1259, 2022 WL 13845083, at *8 (D. Conn. Oct. 24, 2022) (collecting cases); *United States v. Boukamp*, 105 F.4th 717, 749 (5th Cir. 2024) (holding that trial courts have the "discretion to require [a pro se party's] testimony to be in question-and-answer, rather than narrative, form")). This Court already addressed this issue in its prior opinion and determined that it did not abuse its discretion in how it managed the trial. Once again, this Court finds that its refusal to permit Plaintiff to present his testimony in a narrative format was entirely within its purview.

### B. THE "MISSING" VIDEO AND CURATIVE INSTRUCTION

Next, Plaintiff argues that the Court committed reversible error by excluding testimony pertaining to his attempts to secure a video he claims was missing from his phone after the incident. (Moving Br. at 28.) During his direct examination, Plaintiff was asked about his efforts to retrieve his cell phone and camera after he was released from jail. (*See id.*) When Plaintiff began to answer this question, defense counsel objected without stating a basis for his objection. (Tr. 391:16–20.) The Court sustained the objection. (*Id.*) Mr. Hilliard asked if Plaintiff eventually got his phone

and camera back, and again defense counsel objected. (*Id.* at 391:22–392:1.) The Court then summoned counsel to sidebar. (*Id.* at 392:2.)

Plaintiff asserts that this line of questioning would have been highly relevant and admissible. (Moving Br. at 29.) Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. "Evidence is irrelevant only when it has no tendency to prove [a consequential fact]." *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) (quoting *Spain v. Gallegos*, 26 F.3d 439, 452 (3d Cir. 1994)). Courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

At trial, only two claims survived summary judgment: (1) an excessive force claim; and (2) an improper search claim against Bosley. Generally, officers must secure a warrant before conducting a search of a cell phone. *Riley v. California*, 573 U.S. 373, 386 (2014). To establish an improper search, a plaintiff must demonstrate that the search was unreasonable and conducted without a search warrant supported by probable cause and that no exception to the warrant requirement applies. *United States v. Goldstein*, 914 F.3d 200, 202 (3d Cir. 2019).

At trial, the only question the jury was presented with in connection with the video is whether Defendant Bosley searched Plaintiff's phone without a warrant. First, Plaintiff testified that he observed Defendant Bosley touching his phone. (Tr. 387:2–5.) That is all he observed — nothing more. (*See id.* 422:17–423:9; 423:19–424:25; 425:5–10.) Plaintiff could not supplement

his testimony with speculation because he had no direct knowledge of what happened to his cell phone after Defendant Bosley logged it into evidence.

The evidence Plaintiff sought to introduce would be extremely prejudicial and would confuse the issues before the jury. Plaintiff argues that the act of sending a formal demand to the police chief within 48 hours of his release was "logically consistent . . . with a sincere belief that exculpatory evidence existed and a determined effort to preserve it." (Moving Br. at 29.) Plaintiff believes that this evidence would go to the heart of his case. (*See id.* at 30 (citing *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1344 (3d Cir. 2002).) However, the true "heart" of Plaintiff's remaining claims at trial was the excessive force claim and Defendant Bosley's alleged improper search of Plaintiff's phone pursuant to Plaintiff's arrest. Plaintiff never raised this spoliation issue in accordance with Federal Rule of Civil Procedure 37.

Federal Rule of Civil Procedure 37 authorizes the Court to impose sanctions when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). While a court has discretion in fashioning the appropriate sanction under Rule 37, the Third Circuit has noted that "Rule 37(b)(2)(A) is not equivalent to carte blanche; it limits courts' discretion in two ways: 'First, any sanction must be "just"; second, the sanction must be *specifically related* to the particular "claim" which was at issue in the order to provide discovery.'" *Clientron Corp. v. Devon IT, Inc.*, 894 F.3d 568, 580 (3d Cir. 2018) (quoting *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995) (emphasis in original)). These limitations are "rooted in notions of due process"; the first representing "the general due process restrictions on the court's discretion" and the second requiring "that a 'specific nexus' exist between the sanction imposed and the underlying discovery violations." *Id.* (citing *Harris*, 47 F.3d at 1330-31). Said another way, "it requires that the unproduced discovery be sufficiently 'material to the administration of due process' to support

a presumption that the failure to produce constituted an admission by the offending party that its asserted claim or defense lacked merit." *Id.*

The Court is tasked with determining whether spoliation occurred and whether sanctions are warranted. Fed. R. Civ. P. 37. Because Plaintiff failed to raise this issue prior to trial through a motion in limine or any other procedural vehicle, it was not properly before the Court, and the Court appropriately prohibited this testimony.

Plaintiff also contends that the Court's curative instruction to the jury was legally and factually incorrect. (Moving Br. at 31.) During his closing argument, Plaintiff stated: "The video of the incident that I was recording . . . where is it? Because it's not here. You didn't see it." (Tr. 501:20–502:15.) Defense counsel objected to this statement, and the Court sustained the objection after a sidebar. (*Id.* 502:20–21.) The Court then provided a curative instruction to the jury in which it noted that the jurors were not to consider Plaintiff's statement in deliberations. (*See id.* at 503:18–23.) Plaintiff argues that he was going to present to the jury that the jurors could accept an adverse inference against Defendant Bosley. (Tr. 501:20–502:15.)

The standard for ordering a new trial based on a claim of erroneous jury instructions is high. "A new trial on the ground of erroneous instructions is permissible only when it is clear that an error in [the] instructions as a whole was such as to have misled the jury." *New Idea Farm Equip. Corp. v. Sperry Corp.*, 916 F.2d 1561, 1567 (Fed. Cir. 1990). In reviewing jury instructions, the court must consider the entire trial record, because "instructions take on meaning from the context of what happened at trial, including how the parties tried the case and their arguments to the jury." *Hilton Davis Chem. Co. v. Warner-Jenkinson Co.*, 62 F.3d 1512, 1522 (Fed. Cir. 1995), *rev'd on other grounds*, 520 U.S. 17 (1997).

Once again, Plaintiff misstates the law. The spoliation issue is not for the jury to decide. It is for the Court to determine whether spoliation occurred and whether sanctions are warranted. Fed. R. Civ. P. 37. Because Plaintiff failed to raise this issue prior to trial through a motion in limine or any other appropriate procedural vehicle, it was not properly before the Court, and the Court instructed the jury accordingly.

**C. THE COURT'S INTERVENTION DURING CROSS-EXAMINATION**

Once again, Plaintiff argues that the undersigned acted as an adversarial fact witness. (Moving Br. at 33.) Again, Plaintiff recounts a moment during his cross-examination during which counsel for Defendants asked Plaintiff to explain the "basis" for Plaintiff's unreasonable search claim. (*Id.* at 34.) Plaintiff claims such questioning reopened the subject and waived any prior objection. (*Id.*) Plaintiff takes issue with the fact that the undersigned intervened and prohibited this line of questioning. (*Id.*) This Court has previously ruled on this issue in Plaintiff's motion for recusal. (*See* ECF No. 124.) The Court reiterates that Plaintiff's disagreements with the Court's evidentiary rulings are more appropriate on appeal than here.

Plaintiff expresses frustration with the undersigned's purported "coaching" of the defense at sidebar during Plaintiff's testimony. (*See* Moving Br. at 34–35.) Specifically, Plaintiff argues that the undersigned "admonished defense counsel for ineffective questioning" and "instruct[ed] counsel on the proper legal framework for questioning a hostile witness." (*Id.* at 35.) Additionally, Plaintiff highlights the Court's questioning defense counsel's decision not to use Plaintiff's prior fraud convictions for impeachment purposes. (*Id.*)

This Court has already dismissed Plaintiff's arguments that the undersigned acted as an adversarial fact witness. (*See* ECF No. 124.) The Court's conduct expressing frustration with

defense counsel does not establish bias or partiality. *See Liteky v. U.S.*, 510 U.S. 540, 555–56 (1994).

## IV. CONCLUSION

Having presided over the trial in this matter and having carefully reviewed the arguments and evidence presented by the parties in connection with this Rule 59 Motion, the Court finds that Plaintiff fails to justify the "extraordinary relief" of granting a new trial, and the Court declines Plaintiff's invitation to "usurp[ ] the jury's prime function as the trier of fact[.]" *Boehringer*, 166 F. Supp. 2d at 29; *Marra v. Phila. Housing Authority*, 497 F.3d 286, n. 18 (3d Cir. 2007). The jury's verdict in favor of Defendants was not against the weight of the evidence; rather, it was in accordance with the weight of the evidence. The jury was tasked with determining which of the parties' accounts was more credible, bearing in mind Plaintiff's burden of proof on each of his claims. The jury performed its duty to evaluate the evidence and assess the credibility of all the witnesses. There was an abundance of evidence to support the jury's verdict in favor of Defendants. *See United States v. Copple*, 24 F.3d 535, 547, n.17 (3d Cir. 1994). As such, the Court does not find that a miscarriage of justice would result if the jury's verdict stands. *See Brennan*, 350 F.3d at 430. Accordingly, Plaintiff's Motion will be **DENIED**.

Date: September 15, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**